UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 20-CV-6201 (AMD) (RER)

---

Retrospective Goods, LLC,

Plaintiff,

versus

T&M Investments International, LLC et al.,

Defendants.

---

**SUA SPONTE REPORT & RECOMMENDATION**

May 20, 2022

---

To The Honorable Ann M. Donnelly
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff, Retrospective Goods, LLC ("Plaintiff"), commenced this action on December 22, 2020, against T&M Investments International, LLC ("Defendant"), a Florida limited liability company, seeking injunctive and monetary relief for false advertising, trade dress infringement and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); copyright infringement in violation of the Copyright Act of 1979, 17 U.S.C. §§ 501, *et seq.*; and deceptive acts and practices in violation of the New York General Business Law, N.Y. Gen. Bus. Law §§ 349–50. (ECF No. 1 ("Compl.")).[1]

---

[1] Plaintiff also names fifty John Does and ten fictitious Business Entities as placeholder defendants. (Compl. ¶ 3).

1

After observing deficiencies in Plaintiff's service of process, I ordered Plaintiff to show cause in writing why a report should not be issued to Your Honor recommending that the action be dismissed without prejudice for insufficient service of process. (ECF No. 21). On April 8, 2022, Plaintiff filed a timely response detailing its efforts to serve the Defendant, and asserting that such service was proper under the Federal Rules of Civil Procedure and applicable state laws of New York and Florida, and alternatively requesting that the Court reconsider its denial of Plaintiff's June 23, 2021 motion for substituted service. (ECF No. 22 ("Pl's Resp.")).

After carefully reviewing Plaintiff's response, and for the reasons set forth herein, I find that Plaintiff has failed to properly serve Defendant under Rule 4(m), and has failed to demonstrate good cause for such failure. Further, a discretionary extension of time to serve is not warranted under the circumstances. Accordingly, I respectfully recommend that Your Honor dismiss this case, without prejudice, for failure to timely serve the Defendant under Rule 4(m).

## BACKGROUND

In quick succession, Plaintiff commenced and voluntarily dismissed this action in December 2020, but moved to reopen the case on April 5, 2021. (ECF Nos. 1, 9, 11). The Court granted Plaintiff's motion to reopen on April 28, 2021. (Order dated 04/28/2021).

On June 23, 2021, Plaintiff notified the Court that its service processor made several unsuccessful attempts to personally serve Defendant at a known address—2030 SW 135th Avenue, Miami, Florida 33175—and requested leave to serve Defendant through substitute service via regular and certified mail at that address. (ECF Nos. 13, 13-1). I denied Plaintiff's motion without prejudice, and ordered Plaintiff to first attempt service on Defendant pursuant to Fla. Stat. § 48.062 ("Service on a limited liability company") within ninety days of the date that the case was reopened (*i.e.*, by July 27, 2021). (Order dated 06/23/2021).

On September 3, 2021, (128 days after the case was reopened, and 38 days after the deadline for service imposed by this Court's Order), Plaintiff returned an unexecuted summons, indicating that after attempting service at the above referenced address, a second process serving company Plaintiff retained identified Thomas Lee Chason as Defendant's registered agent, and attempted to personally serve him at a second address—3384 W 95th Terr., Hialeah, FL 33018. Despite repeated attempts, however, Plaintiff was again unable to serve Defendant. (ECF Nos. 14, 15). Plaintiff thereafter requested, and the Court issued on September 7, 2021, a new summons as to Defendant, care of the Secretary of State of the State of Florida. (ECF Nos. 15–17).

Two weeks later, Plaintiff returned to the Court a purportedly executed summons served pursuant to Fla. Stat. § 48.181 ("Service on nonresident engaging in business in state"), which contained date and time stamps suggesting that the summons was filed on September 8, 2021, but did not contain an attestation that service was properly made on the Florida Secretary of State. (ECF No. 18). On October 13, 2021, Plaintiff requested that the Clerk of the Court enter default (ECF No. 19). However, that request was denied because the summons that Plaintiff returned contained no attestation that service was actually made. (Docket Entry dated 10/21/2021).

On March 7, 2022, in an apparent attempt to correct this error, Plaintiff submitted an affidavit of service dated December 20, 2021, purporting to serve an altered version of the original summons (ECF No. 5 (addressed to 2030 SW 135th Avenue, FL 33175)) "by posting the premises" on a conspicuous place at the address of Defendant's agent, 3384 W 95th Terr. Hialeah, FL 33018, on December 18, 2021, and by mailing a copy of the summons and complaint in a blank envelope addressed to the entity and the registered agent at that address (*i.e.*, by "nail-and-mail"). (ECF No. 20).

3

On March 22, 2022, observing that Plaintiff's service of process remained deficient, I ordered Plaintiff to show cause in writing by April 8, 2022 why a report should not be issued to Your Honor recommending that the action be dismissed without prejudice for insufficient service of process. (ECF No. 21). On April 8, 2022, Plaintiff filed a timely response detailing its efforts to serve the Defendant, asserting its belief that service was proper under the Federal Rules of Civil Procedure and applicable laws of New York and Florida, and alternatively requesting that the Court grant its June 23, 2021 motion for substituted service. (Pl's Resp.).

## **DISCUSSION**

Rule 4(m) gives a plaintiff ninety days to serve the complaint on defendants. Fed. R. Civ. P. 4(m). After ninety days, the court, with notice to the plaintiff, must dismiss the action without prejudice against the unserved defendant or order that service be made within a specific amount of time. *Id.* "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id. See also Balarezo v. Ocwen Loan Servicing, LLC,* No. 17 Civ. 3033 (VB), 2017 WL 4857598, at *3 n.3 (S.D.N.Y. Oct. 25, 2017) ("[A] [c]ourt may not sua sponte dismiss a defendant for insufficient service of process unless the plaintiff is first given an opportunity to explain whether the defendant has been served, and if not, whether the plaintiff has good cause for its delay in effective service.") (citing *Dupps v. Betancourt*, 952 N.Y.S.2d 585, 587 (2012); *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002)).

"In determining whether 'good cause' exists, 'courts weigh the reasonableness and diligence of the plaintiff's efforts to serve against the prejudice to the unserved defendants from the delay.'" *S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, No. 15-CV-6183 (JMA) (SIL), 2017 WL 913625, at *9 (E.D.N.Y. Jan. 17, 2017) (quoting *Gibbs v. Imagimed, LLC*, No. 11 Civ. 2949, 2013 WL 2372265, at *2 (S.D.N.Y. May 30, 2013)), *adopted by*, 2017 WL 912042 (Mar. 7, 2017).

4

"Good cause 'is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Id.* (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)). Accordingly, "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause for the purposes of Rule 4(m)." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999); *see also Counter Terrorist Grp. U.S. v. N.Y. Magazine*, 374 Fed. App'x 233, 235 (2d Cir. 2010) ("Attorney error does not constitute good cause under Rule 4(m).").

I. Defendant Was Not Properly Served

The Federal Rules of Civil Procedure permit a plaintiff to serve a defendant pursuant to either the laws of the state in which the district court is located or the laws of the state in which service is made—in this case, New York, and Florida, respectively. *See* Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(a). In its response to the order to show cause, Plaintiff maintains that service was completed in compliance with New York and Florida law. (Pl's Resp. at 7–9). Plaintiff is mistaken.

With respect to New York law, Plaintiff argues that its "nail-and-mail" service on the last known address of Defendant's registered agent complied with N.Y. C.P.L.R. § 311, which governs service on a corporation, and N.Y. C.P.L.R. § 308(4), which permits "nail-and-mail" service on an individual when, after reasonable due diligence, personal service cannot otherwise be completed. (Pl's Resp. at 7–8). However, it is well established that the "nail-and-mail" provision under N.Y. C.P.L.R. § 308(4) applies "only to defendants who are natural persons and cannot be used to serve a corporation." *Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp.*, 479 N.Y.S.2d 256 (N.Y. App. Div. 1984), *aff'd*, 65 N.Y.2d 865 (1985); *see also Nesterov v. Kvadro S. Corp.*, No. 18-CV-7200 (MKB) (SJB), 2021 WL 1236029, at *3 (E.D.N.Y. Mar. 11, 2021), *adopted by*,

5

2021 WL 1238707 (Apr. 2, 2021) ("'[A]ffix-and-mail' service, embodied in C.P.L.R. 308, is a means of serving individuals, not a corporation."). Further, Plaintiff fails to take into account that Defendant is a limited liability company, to which a separate provision, N.Y. C.P.L.R. § 311-a, applies. As is the case with corporations, however, service on a limited liability company cannot be completed via "nail-and-mail."[2] Accordingly, service was not proper under New York law.

With respect to Florida law, Plaintiff argues that Defendant's service on the Florida Secretary of State complied with Fla. Stat. § 48.062(3) and § 48.181, which permit service on the Secretary of State if, after reasonable diligence, service cannot be completed on a registered agent, member, manager, or other prescribed employee of a limited liability company. Specifically, Plaintiff argues that after multiple unsuccessful attempts to personally serve Defendant at its registered residential address, substitute service was properly effected on the Secretary of State in September 2021. (Pl's Resp. at 8–9). As noted by the Clerk of the Court in denying Plaintiff's request for a certificate of default (Docket Entry dated 10/21/2021) and in the order to show cause (ECF No. 21 at 2), the summons Plaintiff returned in connection with its service via the Secretary of State contained numerous date and time stamps indicating that it was filed, but failed to include an attestation or affidavit of service (ECF No. 18). Such an attestation is required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

---

[2] *See Boucan NYC Cafe, LLC v. 467 Rogers, LLC,* 168 A.D.3d 904, 904–05 (N.Y. App. Div. 2019) (trial court deprived of jurisdiction based on plaintiff's erroneous service of motion under N.Y. C.P.L.R. § 308(4) rather than N.Y. C.P.L.R. § 311-a); *Spota v. White,* 53 Misc. 3d 1210(A), 2016 WL 6427362 (N.Y. Sup. Ct. 2016) (holding that substitute service via C.P.L.R. § 308(4) is available only against individual defendants, not a limited liability company); *Supple v. Brockbilt Homes LLC*, No. 0029714/2006, 2007 WL 4857221 (N.Y. Sup. Ct. 2007) (same); *see also Smith v. Bray*, No. 13 Civ. 7172 (NSR) (LMS), 2014 WL 5823073, at *4 (S.D.N.Y. Nov. 10, 2014) (granting 12(b)(5) motion to dismiss for insufficient service of process where plaintiff mailed copies of the summons and complaint to an LLC, but failed to "deliver process *personally* to . . . a member, manager, or agent of" the defendant LLC, "or serve the Secretary of State.") (emphasis added).

To correct the deficiency, Plaintiff altered the initial summons issued in this action (ECF No. 5), served Defendant via "nail-and-mail" at a new address on December 18, 2021, and filed an affidavit of service corresponding with this new attempt at service on March 7, 2022 (ECF No. 20). However, that affidavit corresponds with a separate summons, and accordingly does not constitute sufficient proof of service on the Secretary of State. The affidavit of service filed on March 7, 2022 further fails to demonstrate sufficient service because, as explained above, such "nail-and-mail" service is not authorized under Florida law.[3] Finally, Plaintiff's proffered email communications with the State of Florida's "Apostilles Certificate Corp.," and with its process server regarding attempts at service cannot replace the sworn affidavit required by the Federal Rules of Civil Procedure. (ECF Nos. 22-6, 22-7, 22-8, 22-9). Accordingly, Plaintiff did not properly serve Defendant under Florida law.

II. Plaintiff Has Not Demonstrated Good Cause for an Extension or for Alternative Service via Mail

While Plaintiff maintains that it properly served Defendant, it requests in the alternative that the Court reconsider its denial of its June 23, 2021 motion to permit substituted service via regular and certified mail. (Pl's Resp. at 9–10). According to Plaintiff, such reconsideration is warranted based on its "innumerable good faith attempts" to serve Defendants in person, via the Secretary of State, and via nail-and-mail under New York law, and because "[t]he conduct of the Defendant

---

[3] *See* Fla. Stat. § 48.062 (provision governing service of process on limited liability company does not provide for nail-and-mail); *id.* § 48.031, (provision governing service of process generally does not provide for nail-and-mail); *id.* § 605.0117 (second provision governing service on limited liability company does not provide for nail-and-mail); *see also BoatFloat, LLC v. Cent. Transp. Int'l, Inc.*, 941 So. 2d 1271, 1275 (Fla. Dist. Ct. App. 2006) (posting summons and complaint on the door of the registered agent of a limited liability company is insufficient); *Blackman v. Clay*, No. 17-CV-456 (MCR) (HTC), 2019 WL 12838192, at *3 (N.D. Fla. Oct. 28, 2019) ("[U]nder Section 48.062(4), if the address provided for the limited liability company's registered agent is a residence, then service on the limited liability company may be accomplished by serving the registered agent in accordance with Fla. Stat. § 48.031, which is satisfied by delivering a copy of the summons and complaint to that person or by leaving the copies at his 'usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.'") (quoting Fla Stat. § 48.031(1)(a)).

evidences a willful and intentional refusal to accept service." (*Id.* at 9–10). The Court does not doubt that Plaintiff's attempts at service were made in good faith; nevertheless, they did not comply with the applicable law. And "ignorance of the law . . . does not constitute good cause under Rule 4(m)." *Cakir v. Chase Manhattan Bank*, No. 07-CV-2871 (JS) (WDW), 2008 WL 11450641, at *4 (E.D.N.Y. Mar. 19, 2008) (quoting *Conklin v. Sears Roebuck & Co.,* No. 00-CV-652, 2001 WL 175241, at *2 (N.D.N.Y. Jan. 24, 2001)); *see also Counter Terrorist Grp. U.S.*, 374 Fed. App'x at 235 ("Attorney error does not constitute good cause under Rule 4(m).").

To excuse its failure to timely serve Defendant, Plaintiff has provided the Court with email communications and a declaration from Amy Griffith, a paralegal for Plaintiff's counsel, which document a "wild goose chase" in communicating with an initial process server from May through July 2021 (Pl's Resp. at 3), communications issues with a second process server from July through September 2021 (*Id.* at 3–4), and Covid related delays in obtaining proof of service in January and February 2022 (*Id.* at 6; *see also* ECF No. 22-14 ("Griffith Decl.") (describing email correspondence and retention of multiple process servers)). Plaintiff's several attempts at service and evidence of communication issues with process servers demonstrate good faith efforts to locate and serve the Defendant, but do not demonstrate circumstances beyond Plaintiff's control sufficient to explain Plaintiff's failure to comply with the Court's specific order to effect service within ninety days of reopening the case (Order dated 06/23/2021), or the corresponding thirty-eight day delay in seeking a new summons to serve the Secretary of State (ECF No. 15).[4] Similarly, Plaintiff fails to adequately explain its failure to obtain and file a process server's affidavit

---

[4] Indeed, the declaration from Ms. Griffith and contemporaneous emails submitted in support of Plaintiff's response to the order to show cause indicate that Plaintiff properly contemplated serving Defendant via the Florida Secretary of State in July 2021, more than a month before requesting a new summons from this Court to do so in September. (Griffith Decl. ¶¶ 23–28; ECF No. 22-3).

8

demonstrating proof of that service on the Secretary of State.[5] Finally, Plaintiff's counsel's mistakes in following the applicable provisions of Florida and New York law in its final attempt at service via nail-and-mail do not constitute good cause under Rule 4(m).

Accordingly, Plaintiff has not established good cause for failure to effect legally sufficient service of process within the time period provided by the Federal Rules of Civil Procedure. Further, that Plaintiff's counsel has mistakenly failed to satisfy these procedural requirements does not constitute good cause warranting a court order authorizing an extension of time to serve Defendant, or good cause warranting substitute service by regular and certified mail.

### III. A Discretionary Extension Is Not Warranted

"[C]ourts may 'relieve a plaintiff of the consequences of an application of Rule 4(m) even if there is no good cause shown.'" *Id.* (quoting Fed. R. Civ. P. Rule 4(m) Advisory Comm. Notes to 1993 Amendments). "An extension of time to serve rests in the discretion of the Court." *Ferreira v. Carranza*, No. 20-CV-2305 (PKC) (LB), 2022 WL 34610, at *2 (E.D.N.Y. Jan. 4, 2022) (citing *AIG Managed Market Neutral Fund v. Askin Capital Mgmt, L.P.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000). "Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Id.* (quoting *Eastern Refractories Co., Inc. v. Forty Eight Insulations*, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999)); *see also Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) ("Where . . . good cause is lacking, but the dismissal without prejudice in combination with the

---

[5] Ms. Griffith indicates that proof of service was received on September 20, 2021, indicating that the Secretary of State was served on September 8, 2021. (Griffith Decl. ¶¶ 30). However, no proof of service was filed on the docket or provided in connection with the order to show cause.

9

statute of limitations would result in a dismissal with prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties.").

In considering these factors, none weigh strongly in favor of granting a discretionary extension. First, Plaintiff discovered Defendant's alleged violations of the Lanham Act, Copyright Act and N.Y. Gen. Bus. Law §§ 349 and 350 in July 2020 (Compl. ¶¶ 29, 74), and thus would not be barred by the applicable statutes of limitations from re-filing its claims should the Court recommend dismissal for improper service of process.[6] Second, aside from Plaintiff's bald assertion that Defendant is aware of the action but is evading service, there is no evidence before the Court to indicate that Defendant has actual notice of the lawsuit. Further, even if Defendant did have actual notice, such notice would not "cure [Plaintiff's] failure to comply with the statutory requirements for serving process." *Sartor v. Toussaint*, 70 Fed. App'x 11, 13 (2d Cir. 2002) (summary order). Third, it is clear that Defendants did not attempt to conceal defects in service here, where they have not participated in the case or appeared before the Court. Finally, despite Plaintiff's long delay in effectuating service since the reopening of this case, there is no clear prejudice to Defendant in extending the service period where Plaintiff would be able to refile its claims upon dismissal. *Cf. Ferreira*, 2022 WL 34610, at *3 ("[E]xtending the service period beyond the statute

---

[6] Defendant's alleged violations of the Lanham Act are subject to a six-year statute of limitations. *See Eliya, Inc. v. Steven Madden, Ltd.*, No. 15-CV-1272 (DRH) (SIL), 2016 WL 1092626, at *5 (E.D.N.Y. Mar. 21, 2016) (citing *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 41 F. Supp. 3d 395, 410 (S.D.N.Y. 2014); *H&R Indus., Inc. v. Kirshner*, 899 F. Supp. 995, 1002 (E.D.N.Y. 1995). Plaintiff's copyright infringement and state law claims are subject to a three-year statute of limitations. *See Kyszenia v. Ricoh USA, Inc.*, No. 20-CV-2215 (AMD) (VMS), 2022 WL 326981, at *3 (E.D.N.Y. Feb. 3, 2022) ("Section 349 and 350 claims are subject to a three-year statute of limitations.") (citing *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 452 (E.D.N.Y. 2007); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012)); *Morningstar Films, LLC v. Nasso*, 554 F. Supp. 3d 525, 541 (E.D.N.Y. 2021) (noting that the Copyright Act has a "three-year statute of limitations") (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 686 (2014)).

of limitations period for the action imposes a corresponding prejudice on defendants.") (quoting *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2016)). On balance, while Defendant would not be significantly prejudiced by an extension of time to serve, these factors weigh in favor of dismissing the case for insufficient service of process.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this action be dismissed without prejudice under Rule 4(m) for failure to timely serve the complaint. Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable Ann M. Donnelly within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

Ramon E. Reyes, Jr.
Digitally signed by Ramon E. Reyes, Jr.
Date: 2022.05.20 14:49:12 -04'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: May 20, 2022
      Brooklyn, NY